# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) |
| V. | ) CR 8-387 |
| | ) CV 13-489 |
| MICHAEL PENWELL | ) |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to three counts involving the production, transportation, and possession of child pornography. He was sentenced on July 8, 2010, to a total term of 360 months imprisonment. The Court of Appeals affirmed this Court's judgment by Opinion dated October 5, 2011. Before the Court is Defendant's Motion pursuant to 28 U.S.C. 2255, claiming ineffective assistance of counsel.[1] For the following reasons, the Motion will be denied.

### OPINION

**I. APPLICABLE STANDARDS**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair

---

[1] Because the Government does not oppose the timeliness of the Motion, I will consider it timely filed.

procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997). Conclusory allegations are insufficient to support § 2255 relief. United States v. Atkinson, No. 10-247, 2010 U.S. Dist. LEXIS 54812, at *2 (W.D. Pa. June 4, 2010).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below a "wide range of professionally competent assistance," and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. In light of the wide array of circumstances faced by counsel, and the range of legitimate decisions regarding how best to represent a defendant, Strickland's inquiry turns on whether counsel's assistance was reasonable considering all the circumstances. Wong v. Belmontes, 130 S. Ct. 383, 385, _ U.S. __, 175 L. Ed. 2d 328 (2009).

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Strickland, 466 U.S. at

695; see also Gray, 878 F.2d at 709-13. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. A court need not consider both components of Strickland, if there is an insufficient showing on one or the other. Strickland, 466 U.S. at 697. If a claim fails either prong, it cannot succeed. Id. at 697.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). In order to fairly assess attorney performance, a court must make "every effort…to eliminate the distorting effects of hindsight…." Douglas v. Cathel, 456 F. 3d 403, 420 (3d Cir. 2006). Both trial and appellate counsel are governed by the same standards. See Smith v. Robbins, 528 U.S. 259, 285-86, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000).

**B. DEFENDANT'S CONTENTIONS**

Defendant contends that counsel was ineffective in the following respects: 1) in failing to show Defendant all the discovery, so that he could make a clear judgment regarding his plea; 2) failing to argue that 3553 warrants a lower sentence; 3) failure to call Autumn Penwell in order

3

to dispute the enhancement under 2G2.2(b) for a pattern of activity involving sexual abuse or exploitation of a minor.

I first address Defendant's contention that counsel failed to show him all of the discovery in the case. As the Government suggests, Defendant acknowledged familiarity with the evidence, including more than 600 pornographic images involved in this matter. Moreover, Defendant does not specify any particular discovery of which he was unaware, or how that discovery would have altered either his decision to plead guilty, or his assessment of the Government's offer. Defendant cites to <u>Lafler v. Cooper</u> __ U.S. __, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), which dealt with the rejection of a plea offer and an ensuing conviction, and a companion case, <u>Missouri v. Frye</u>, __ U.S. __, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012). As they deal with factual scenarios that differ from the one at bar, neither of those cases are applicable here. Both cases do, however, suggest that Defendant must demonstrate a reasonable probability that he would have insisted on going to trial, but for counsel's deficient conduct. This, Defendant has not accomplished. In sum, Defendant has not met either prong of <u>Strickland</u> with respect to counsel's actions regarding discovery.

Next, I address Defendant's argument with respect to the Section 3553 factors. I must reject this argument. As the Court of Appeals noted, this Court "rationally and carefully considered the § 3553 factors and articulated its reasons for imposing the sentence." At sentencing, I explained those factors and my conclusions regarding those factors. Defendant cites to <u>United States v. Grober</u>, 624 F. 3d 592 (2010), which has no bearing on his case – not least because in <u>Grober</u>, unlike here, there was no evidence that Defendant had engaged in any improper conduct with a child. That the <u>Grober</u> Court reached different conclusions when considering different facts does not render this Court's conclusions improper. Here, Counsel

was not ineffective for failing to argue that Section 3553 warranted a lower sentence, and Defendant was not prejudiced by any such failure.

Finally, I address Defendant's contention that counsel should have called Autumn Penwell as a witness, in order to dispute that he engaged in a pattern of activity involving the sexual abuse or exploitation of a minor pursuant to Section 2G2.2(b)(5). Section 2G2.2(b)(5), which results in a five-level enhancement, refers to any combination of two or more separate instances of sexual abuse or exploitation of a minor by Defendant. At sentencing, the Court heard Defendant's testimony denying abuse, and evidence that his daughter had denied abuse when questioned by authorities; the Court also heard the Government's testimony and evidence regarding Defendant's conduct and admissions to law enforcement. Upon consideration of all the evidence, I found that Defendant had engaged in conduct covered by Section 2G2.2(b)(5). Defendant's cursory suggestion this conclusion would have been altered by witness testimony is insufficient in this context; he does not identify the substance of that testimony, or how it would have affected the outcome of sentencing. In any event, "[c]ounsel's failure to call a witness is precisely the sort of strategic … decision that Strickland protects from second-guessing." Henderson v. DiGuglielmo, 138 Fed. Appx. 463, 469 (3d Cir. 2005). Particularly given the weight and nature of the evidence produced against Defendant in this matter, along with his admissions, it is apparent that counsel did not act below objective standards of competence, and Defendant has not demonstrated prejudice resulting from counsel's decision.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons

stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In sum, Defendant has failed to meet both prongs of <u>Strickland</u>, under standards applicable in this context. This case presents no fundamental defect that resulted in a miscarriage of justice. Thus, Defendant's Motion will be denied, and no certificate of appealability shall issue.

An appropriate Order follows.

## ORDER

AND NOW, this 3rd day of May, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [96] is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

<u>/s/Donetta W. Ambrose</u>

Donetta W. Ambrose

Senior Judge, U.S. District Court